U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED LAFAYETTE

NOV 12 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Murphy, et al                         Civil Action No. 6:14-2575

versus                                Judge Richard T. Haik, Sr.

Union Pacific Railroad Co.            Magistrate Judge C. Michael Hill

**ORDER**

Before the Court is a Motion To Remand and For Attorney's Fees filed by Jamill Murphy and Myretia A. Seraile, individually and on behalf of Shanea R. Payne [Rec. Doc. 7] and defendant, Union Pacific Railroad Company's ("Union Pacific"), opposition thereto [Rec. Doc. 11].

Plaintiffs originally filed this action in the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana alleging they each suffered damages as the result of a Union Pacific Railroad Company train derailment in Lawtell, Louisiana. *R. 1-1*. Defendant filed a Notice of Removal to this Court on August 22, 2014 contending that the Court has diversity jurisdiction in this action pursuant to 28 U.S.C. § 1332. *R. 1*. Based on the record and the law, the Court finds that remand is appropriate, as follows.

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir.2010). Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question and those in which the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. §§ 1331, 1332. For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise. *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir.2001). Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1995).

The removal statute must therefore be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.2000). The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction by a preponderance of the evidence. *Howery v. Allstate Ins. Co.*, 243 F.3d at 919. When an action is removed from state court, as this suit was, the removing party bears the burden of proving that federal-court jurisdiction exists. *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir.2008). Accordingly, Union Pacific Railroad, the removing party, has the burden of establishing that this Court has subject-matter jurisdiction over this action.

To remove a case based on diversity jurisdiction, a defendant must demonstrate "that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir.2004) (en banc). Thus, the removing defendant must establish that the amount in controversy exceeds $75,000 and the parties are diverse in citizenship. 28 U.S.C. § 1332. Here, the parties do not dispute that diversity is present, but only whether the jurisdictional amount is satisfied.

In order to remain in federal court, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000). This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiffs' pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the

2.

states, "plaintiffs expressly waive, relinquish or renounce their entitlement to any award of damages of each plaintiff in excess of $50,000.00." *R. 7-2*.

Based on the foregoing, the Court is without subject matter jurisdiction to hear this suit. Further, as the Court finds that defendant's basis for removal of this action was objectively reasonable, plaintiffs' request for attorney's fees will be denied. *See Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 280 (5th Cir.2009) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)) ("absent unusual circumstances, attorney's fees should not be awarded [under § 1447(c)] when the removing party has an objectively reasonable basis for removal."). Accordingly,

**IT IS ORDERED** that plaintiffs' Motion To Remand is **GRANTED** and plaintiffs' Motion For Attorneys Fees [Rec. Doc. 7] is **DENIED**. The Clerk of this Court is to remand this action to the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana.

Thus done and signed this 12th day of November, 2014 at Lafayette, Louisiana.

RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE